UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ORLANDO MEDERO,
and other similarly-situated individuals,

     Plaintiff (s),

v.

RABBEX LLC
and FRANCISCO DIEZ, individually

     Defendants,

_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ORLANDO MEDERO, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants RABBEX LLC, and FRANCISCO DIEZ, individually and alleges:

1. This is an action to recover money damages for unpaid half-time overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ORLANDO MEDERO is a resident of Miami-Dade County, Florida, within the personal jurisdiction and venue of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant RABBEX LLC (hereinafter RABBEX, or Defendant) is a for-profit corporation authorized to conduct business in the State of Florida, in Miami-

Dade County, Florida, and within the jurisdiction of this Court. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. Defendant RABBEX is engaged in interstate commerce within the meaning of the Fair Labor Standards Act.

4. The individual Defendant FRANCISCO DIEZ is the owner and manager of Defendant Corporation RABBEX. The individual Defendant is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] and is jointly liable for Plaintiff's damages.

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants half-time overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), and on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked during one or more weeks on or after October 2017 (the "material time") without being properly compensated for overtime hours at the rate of time-and-a-half their regular rate, for all hours worked in excess of forty (40) hours per week, at any time from three years prior to the filing of this complaint and until a judgment is entered in this case .

7. Corporate Defendant RABBEX is an importer, processor, and wholesaler distributor of fresh garlic and other food items.

8. Defendants RABBEX and FRANCISCO DIEZ employed Plaintiff ORLANDO MEDERO from approximately October 01, 2017 to August 25, 2018, or 47 weeks.

9. Plaintiff was hired to work as a laborer/production employee at Defendants' processing plant.

10. Plaintiff was a full time non-exempt hourly employee, working 5-6 days per week more than 40 hours every week. Plaintiff was entitled to be paid for overtime hours as established by the Fair Labor Standards Act.

11. Plaintiff had multiple duties such as receiving, cleaning the warehouse, and production work. Plaintiff was paid a daily rate of $120.00 per day from Monday to Friday.  On Saturdays, Plaintiff had a lower daily rate, he was paid $60.00.

12. While employed by Defendants, Plaintiff had a regular schedule.  Plaintiff worked an average of 5 days per week, usually from Monday to Friday from 6:30 AM to 6:00 PM (11.5 hours daily), or until he completed his work assignment for the day. Plaintiff completed 55 hours every week.  Plaintiff has deducted 2.5 hours corresponding to lunch breaks.

13. In addition, at least one per month, Plaintiff worked 7 days or from Monday to Saturday. On Saturdays Plaintiff worked from 7:30 AM to 3:PM (7.5 hours). On weeks of 6 days working days, Plaintiff completed 62 hours of work.

14. Plaintiff was employed as a "laborer and production employee" performing the same or similar duties as that of those other similarly-situated "laborers and

production employees" who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

15. Plaintiff, and other similarly-situated individuals, was compensated for all hours worked at his regular rate.  Defendants did not compensated Plaintiff and other similarly situated individuals, for overtime hours.

16. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. Plaintiff did not clock in and out, but Defendants were able to track the number of hours worked by Plaintiff and other similarly-situated individuals. Defendants should be in possession of time records.

18. Plaintiff was paid weekly with company checks with paystubs that did not provide basic information such as number of days and hours worked, wage rate, etc.

19. Plaintiff is not in possession of time records, but he will provide a good faith estimate of the unpaid half-time overtime hours, based on his recollections. After proper discovery, Plaintiff will amend his Statement of Claim properly.

20.  On or about August 24, 2018 Plaintiff suffered a work-related injury.

21. The next day August 25, 2018, Defendant FRANCISCO DIEZ fired Plaintiff by text message.

22. Plaintiff ORLANDO MEDERO intends to recover half-time overtime for every overtime hour which was paid at his regular rate, liquidated damages, and any other relief as allowable by law.

23. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## <u>COUNT I:</u>
## <u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a) (1) FAILURE TO PAY OVERTIME</u>

24. Plaintiff ORLANDO MEDERO re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. This action is brought by Plaintiff and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

26. The Employer RABBEX, at all times pertinent to this Complaint, was engaged in interstate commerce within the meaning of the FLSA, and as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). The Defendant is a wholesaler of fresh garlic, and producer of packaged garlic products. Defendant had more than two employees recurrently engaged in commerce or in the production of goods or services for commerce. The Employer/Defendant obtains and solicits funds from

non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements. Therefore, there is FLSA enterprise coverage.

27. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a production employee, and through his daily activities he regularly was engaged in the production of goods for commerce, and/or to be marketed to business engaged in interstate commerce. In addition, Plaintiff handled, or otherwise worked on goods and/or materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

28. Defendants RABBEX and FRANCISCO DIEZ employed Plaintiff ORLANDO MEDERO from approximately October 01, 2017 to August 25, 2018, or 47 weeks.

29. Plaintiff was hired to work as a laborer/production employee at Defendants' processing plant.

30. Plaintiff was a full time non-exempt hourly employee, working 5-6 days per week more than 40 hours every week. Plaintiff was entitled to be paid for overtime hours as established by the Fair Labor Standards Act.

31. Plaintiff had multiple duties such as receiving, cleaning the warehouse, and production work. Plaintiff was paid a daily rate of $120.00 per day from Monday to Friday. On Saturdays Plaintiff had a lower daily rate, he was paid $60.00 for the day.

32. While employed by Defendants, Plaintiff had a regular schedule. Plaintiff worked an average of 5 days per week, usually from Monday to Friday from 6:30 AM to 6:00 PM (11.5 hours daily), or until he completed his work assignment for the day. Plaintiff completed 55 hours every week. Plaintiff has deducted 2.5 hours corresponding to lunch breaks.

33. In addition, at least one per month, Plaintiff worked on Saturdays from 7:30 AM to 3:PM (7.5). On weeks of 6 days working days, Plaintiff completed 62 hours of work.

34. Plaintiff was employed as a "laborer and production employee" performing the same or similar duties as that of those other similarly-situated "shop employees" who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

35. Plaintiff, and other similarly-situated individuals, was compensated for all hours worked at his regular rate. Defendants did not compensated Plaintiff and other similarly situated individuals, for overtime hours.

36. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

37. Plaintiff did not clock in and out, but Defendants were able to track the number of hours worked by Plaintiff and other similarly-situated individuals. Defendants should be in possession of time records.

38. Plaintiff was paid weekly with company checks with paystubs that did not provide basic information such as number of days and hours worked, wage rate, etc.

39. Plaintiff is not in possession of time records, but he will provide a good faith estimate of the unpaid half-time overtime hours, based on his recollections. After proper discovery, Plaintiff will amend his Statement of Claim properly.

40. The records concerning the number of hours actually worked by Plaintiff ORLANDO MEDERO, and all other similarly-situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

41. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

42. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

43. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

* Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modifications as discovery could dictate. After proper discovery, Plaintiff will adjust his calculations.

    a.  <u>Total amount of alleged unpaid wages</u>:

Four Thousand Two Hundred Thirty Dollars and 44/100 ($4,230.44)

    b.  <u>Calculation of such wages</u>:

Total number of relevant weeks: 47 weeks

    i.   Overtime calculations for 36 weeks with 5 working days
Relevant weeks: 36 weeks
Total hours worked weekly: 55 hours
Total overtime hours weekly: 15 O/T hours weekly
Paid daily $120 x 5 days=$600.00 weekly
$600 weekly: 55 hours worked= $10.91 an hour
Regular rate: $10.91 hourly rate:2= $5.45 half-time

Half-time $5.45 x 15 O/T hours=$81.75 weekly x 36 weeks=$2,943.00

    ii.   Overtime calculations for 11 weeks with 6 working days
Relevant weeks: 11 weeks
Total hours worked weekly: 62 hours
Total overtime hours weekly: 22 O/T hours weekly
Paid daily $120.00 x 5 days + $60.00 Saturdays =$660.00 weekly
$660.00 weekly: 62 hours worked= $10.64 an hour
Regular rate: $10.64 hourly rate:2= $5.32 half-time

Half-time $5.32 x 22 O/T hours=$117.04 weekly x 11 weeks=$1,287.44

    c.  <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents the unpaid half-time overtime.

44. At all times material hereto, the Employer/Defendant RABBEX failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or

former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

45. Defendant RABBEX knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

46. At the times mentioned, individual Defendant FRANCISCO DIEZ was, and is now, the owner/manager of Defendant Corporation RABBEX. The individual Defendant FRANCISCO DIEZ had financial and operational control of RABBEX, provided Plaintiff with his work schedule, and he is jointly liable for Plaintiff's damages. Individual Defendant FRANCISCO DIEZ was the employer of Plaintiff ORLANDO MEDERO and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of RABBEX in relation to its employees, including Plaintiff and others similarly situated.

47. Defendants RABBEX and FRANCISCO DIEZ willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

48. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ORLANDO MEDERO and those similarly-situated individuals respectfully request that this Honorable Court:

A.  Enter judgment for Plaintiff ORLANDO MEDERO and other similarly-situated and against the Defendants RABBEX and FRANCISCO DIEZ, on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid half-time overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff ORLANDO MEDERO and those similarly-situated demand trial by jury of all

issues triable as of right by jury.

Dated:  This 27th day of October 2018.                    Respectfully submitted,


By:  **/s/ Zandro E. Palma**

ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:    (305) 446-1500
Facsimile:     (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*